UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In the Matter of:

97-111 HALE, LLC and 100-114 HALE, LLC,

Case No. 15-22381-rdd

Debtors.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In the Matter of:

100-114 HALE, LLC,

Case No. 15-22382-rdd

Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GRAND PACIFIC FINANCE CORP.,

Plaintiff,

v. Adv. Case No. 15-08224-rdd

97-111 HALE, LLC, et al.,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

U.S. Bankruptcy Court

300 Quarropas Street

White Plains, New York

July 14, 2015

11:40 AM

B E F O R E :

HON ROBERT D. DRAIN

U.S. BANKRUPTCY JUDGE

Hearing re: 15-22381 - Debtors' Omnibus Objection to the Motions of Grand Pacific Finance Corp. for (I) Dismissal of the Chapter 11 Cases, or (II) in the Alternative, for Relief from the Automatic Stay, and (III) For Sanctions Pursuant to 11 U.S.C. §105(a), 28 U.S.C. §1927, and/or Bankruptcy Rule 9011 (related document(s) 18, 17) filed by Julie Cvek Curley on behalf of 100-114 Hale, LLC, 97-111 Hale, LLC

Hearing re: Motion for Sanctions Pursuant to 11 U.S.C. §105(a), 28 U.S.C. §1927, and/or Bankruptcy Rule 9011

Hearing re: Motion of grand Pacific Finance Corp. for (I) Dismissal of the Chapter 11 Cases, or (II) in the Alternative, for Relief from the Automatic Stay filed by Hanh V. Huynh on behalf of Grand Pacific Finance Corp. (document #18)

Hearing re: 15-22382 - Debtors' Omnibus Objection to the Motions of Grand Pacific Finance Corp. for (I) Dismissal of the Chapter 11 Cases, or (II) in the Alternative, for Relief from the Automatic Stay, and (III) For Sanctions Pursuant to 11 U.S.C. §105(a), 28 U.S.C. §1927, and/or Bankruptcy Rule 9011 (related document(s) 18, 17) filed by Julie Cvek Curley on behalf of 100-114 Hale, LLC, 97-111 Hale, LLC

Hearing re: Adv. 15-08224 - Motion to Authorize Motion of Grand Pacific Finance Corp. for Entry of an Order (I) Dismissing Certain Counterclaims and Crossclaims, and (II) Remanding the Adversary Proceeding to the state Court document(s) 7)

Hearing re: Objection to Motion of Grand Pacific Finance Corp. For Entry of An Order (1) Dismissing Certain Counterclaims and Crossclaims and (2) Remanding The Adversary Proceeding to the State Court (related document(s)

7) filed by Jonathan S. Pasternak on behalf of 100-114 Hale, LLC, 97-111 Hale, LLC (document #10)

Transcribed by: Dawn South

A P P E A R A N C E S :

DELBELLO DONNELLAN WEINGARTEN WISE & WIEDERKEHR, LLP

Attorneys for the Debtors

One North Lexington Avenue

White Plains, NY 10601

BY: JONATHAN S. PASTENAK, ESQ.

JULIE CVEK CURLEY, ESQ.

HERRICK, FEINSTEIN LLP

Attorney for Grand Pacific Financing Corp.

2 Park Avenue

New York, NY 10016

BY: STEPHEN B. SELBST, ESQ.

ALSO PRESENT:

GREG ZIPES, ESQ.

P R O C E E D I N G S

THE COURT: Okay. In re: 97-111 Hale, LLC and 100-114 Hale, LLC.

(Pause)

THE COURT: Okay. Good morning.

MR. PASTERNAK: Good morning, Your Honor.

THE COURT: All right. So there are a few things on the calendar, but I think the focus is going to be on the motion to remand and the motion to dismiss on the counterclaims, right?

MR. SELBST: I think so, Your Honor.

THE COURT: I mean certainly based on where we were in May, that was where my focus was, and I think that's sort of --

MR. PASTERNAK: I think as has been the parties, Your Honor.

THE COURT: Okay. And I guess I have a fairly strong inclination just to deal with the remand motion. In part because the motion to dismiss some of the counterclaims -- or some portions of the counterclaims and some of the counterclaims hinges to a fairly large extent on interpreting various state court orders, and I've kind of had an inclination that if I were to remand it one of the benefits of remanding it would be that the state courts would be looking at their fellow judges' orders and

understand the context a little better than I would. And the thing I'm really focusing on in particular is the series of orders in the so-called Sterling loan litigation.

MR. SELBST: Yes, Your Honor.

THE COURT: Where frankly it's a little puzzling, what, if anything, was left by the severance of the counterclaims.

MR. SELBST: Well as we tried to suggest --

THE COURT: I know you say there's nothing left in the Sterling loans, and that may well -- I mean I could reach that issue today, but again, as I said, maybe one of the benefits of a remand is the state court judge, who's maybe more familiar with the procedure under CPLR 3 -- let me get it here -- 3211(a)(4) than I am, will perhaps be more confident in describing what the state court judge did when he granted the motion to dismiss under that section.

So my inclination is maybe to deal with the remand issue first.

MR. PASTERNAK: That's fine, Your Honor.

THE COURT: Okay. And on that score, having read the papers, my preliminary conclusion is that the matter should be remanded with a -- as the supplement total response or the reply by Grand Pacific states simply reserving jurisdiction over the equitable subordination claim, keeping in abeyance to see whether in fact the ruling

by the state court, which would be the West Chester -- the foreclosure court, would in fact ultimately be collateral estoppel on that issue as far as its determination of the facts.

MR. SELBST: Your Honor, Stephen Selbst for Grand Pacific.

We'd obviously be very pleased to see a remand. As we said in the papers this case was trial ready, discovery had been complete, so the reasons that Your Honor has just said on the record we think that's the most efficient disposition of this matter and we'd be very pleased to see it remanded.

THE COURT: And is it your sense that you could get it back on the calendar for some time in October?

MR. SELBST: Yes. We actually had contact with the West Chester county clerk this week in anticipation of this hearing, and we were told we would get a very prompt trial date.

THE COURT: Well prompt is certainly in the eye of the beholder, but --

MR. SELBST: No. No, this fall. As in this fall, Your Honor.

THE COURT: Okay. All right.

Do you have any view on that timing, Mr. Pasternak?

MR. PASTERNAK: You know, I don't think it's really as much an issue of that being any less or more expeditious as I just think that leaves us with potentially two trial in two courts.

THE COURT: Well potentially, although I think the allegations of misconduct, which obviously are one of the three requirements of equitable subordination.

MR. PASTERNAK: Right.

THE COURT: These seem to be exactly the same as what's in front of the West Chester foreclosure court. So on that issue it could very well be collateral estoppel.

I mean the other two prongs of equitable subordination, obviously damages and -- you know, that would be pretty easy to deal with.

MR. SELBST: Your Honor, as we pointed out in our papers the allegations in the third amended complaint have now added a count for equitable subordination, but the moving allegations with the facts --

THE COURT: Right.

MR. SELBST: -- are identical --

THE COURT: Right.

MR. SELBST: -- to what was asserted in the West Chester action --

THE COURT: That's what I said.

MR. SELBST: -- and that's why we believe --

THE COURT: So, I mean if you're focusing on an equitable subordination claim -- I understand your point, Mr. Pasternak, about not wanting to have two trials, but I think that the misconduct point is the key point here. I mean damages, you know --

MR. PASTERNAK: Everything emanates from misconduct.

THE COURT: Right.

MR. PASTERNAK: I agree with that, Your Honor.

THE COURT: The other two prongs, misconduct resulted in injury to creditors, I mean that's something I could figure out pretty quickly. And creditors not being a party to the other lawsuit I understand, but I can get that pretty quickly. And there are many other creditors in this case either, so --

MR. PASTERNAK: No. No.

THE COURT: -- you know, and frankly I think at that point rather than have a trial Grand Pacific might just pay them off or give them enough so they don't care. And as far as equitable subordination may be consistent with other bankruptcy law, I'm not sure that's even applicable.

MR. PASTERNAK: I think we were focused more on efficiency, Your Honor. Maybe the state court will have a trial in October, maybe not. We know for certain in this court we could have a consolidated trial in pretty short

order. That was --

THE COURT: But probably not in October.

MR. PASTERNAK: Well maybe not, I mean that's up to Your Honor.

THE COURT: So, I mean I think that I can condition it on getting some confirmation that they would happen before the end of the year. I could definitely give you a trial by the end of the year.

MR. SELBST: Based on -- I will only represent to you based on the conversations my office had with the West Chester court we will get a trial date this fall, but I'd be fine with Your Honor remanding it on that condition.

THE COURT: Okay.

MR. SELBST: And just for the record, because I've talked to my colleagues, this litigation, as we've suggested, came before you after years of other proceedings --

THE COURT: Right.

MR. SELBST: -- and we think it's a four to five-day trial, you know, with fairness to the plaintiff's claims.

THE COURT: Yeah, there's serious issues that remain.

MR. SELBST: There are issues, and we didn't attempt to deny that. I mean we disagreed about the effects

on the Sterling loans --

THE COURT: Right.

MR. SELBST: -- and I think that's going to be an issue that, you know, possibly will be the subject of an appellate litigation.

THE COURT: Right.

MR. SELBST: But we're not denying that there's an issue here with respect to the claims asserted in respect to the Grand Pacific loans.

THE COURT: Okay. I mean to me that's the right course. I think I'd rather do that than deal with the motion to dismiss, which really only covers some of the issues, and I could give you sort of a -- I could give you a ruling on that, but I think that -- I appreciate it's in front of a different judge now --

MR. SELBST: Yes.

THE COURT: -- but I think that judge will have a better sense of what's res judicita or collateral estoppel than I would here on the issue of what, if anything, remains of the at one point severed counterclaims, but at a later point, including statements by the very judge who severed them as well as the appellate division, at least on certain aspects of those counterclaims, it seemed to be by the boards at this point.

MR. SELBST: You know my position on this, Your

Honor, I'm not going to waste your time on that.

THE COURT: Okay. So, I -- that's what I'm going to do.

MR. SELBST: All right.

THE COURT: I'm going to enter an order remanding the case. I do believe it's timely. I think that under the Bankruptcy Code that the specific bankruptcy provision, which is not 1447, it's 1452, this is timely, and I invited it at the last -- in May, so. So, I think it's timely and I think it's under the circumstances appropriate here given the length of time that the state court in the foreclosure action has dealt with these issues, including a lengthy summary judgment ruling, presiding over discovery, and that judge's or potentially a new judge's greater familiarity with the procedure that resulted in the dismissal of counterclaims and cross-claims in the Sterling action --

MR. SELBST: The New York action.

THE COURT: -- the Sterling loan action, than I do that it really in weighing all the factors for a remand the state court should be dealing with this.

The only caveat being if you can't get a trial date before the end of the year then I guess I should --

MR. PASTERNAK: Revisit?

MR. SELBST: Your Honor, we'll certainly be back to you promptly if that's not --

THE COURT: Okay.

MR. PASTERNAK: Well, I'd like that in the order, Your Honor, some type of --

MR. SELBST: Yeah, I'm happy to put that in the order.

THE COURT: But I think both of you should reach out either way --

MR. SELBST: We will.

THE COURT: -- that should also be in the order, that the parties will --

MR. SELBST: Absolutely.

THE COURT: -- very promptly reach out to the state court if not a trial date.

MR. PASTERNAK: Yeah, I think the parties should reach out together --

THE COURT: Right.

MR. PASTERNAK: -- so that's it, you know, nobody is getting a date that doesn't work for somebody else.

THE COURT: Right. Exactly.

MR. PASTERNAK: Okay, Judge.

THE COURT: Okay.

MR. SELBST: Okay.

THE COURT: And as far as dismissing the -- I mean I don't think the case should be dismissed at this point, I think we should see what happens with --

MR. SELBST: No, no, no, no, no.

MR. PASTERNAK: And we did file a plan that can sit there and wait for the results of this litigation.

THE COURT: Well, okay. I mean all of Sterling's rights -- I'm sorry --

MR. SELBST: Grand Pacific's.

THE COURT: All of Grand Pacific's rights are reserved as far as the bankruptcy case if something --

MR. PASTERNAK: Of course, Your Honor.

THE COURT: else happens in the case, but this was a case that's just a paid newer piece of property so there's no cash collateral being used --

MR. PASTERNAK: No.

THE COURT: -- et cetera.

MR. PASTERNAK: There's no harm or prejudice, Your Honor --

THE COURT: Okay.

MR. PASTERNAK: -- by it's continuance.

THE COURT: All right. Very well.

MR. PASTERNAK: All right. Thank you, Judge.

THE COURT: So you all should email me that order promptly.

MR. SELBST: Okay.

MR. PASTERAK: Okay.

MR. SELBST: I will email Your Honor. Thank you

very much.

MR. PASTERNAK: Thanks, Judge.

(Whereupon these proceedings were concluded at 11:52 AM)





I N D E X

RULINGS

| | PAGE |
|---|---|
| Remand Ordered | 13 |

C E R T I F I C A T I O N

I, Dawn South, certify that the foregoing transcript is a true and accurate record of the proceedings.

Dawn South

Digitally signed by Dawn South
DN: cn=Dawn South, o=Veritext, ou, email=digital@veritext.com, c=US
Date: 2015.07.16 10:10:28 -04'00'

______________________________________

Dawn South

AAERT Certified Electronic Transcriber CET**D-408

Date: May 16, 2015

Veritext Legal Solutions

330 Old Country Road

Suite 300

Mineola, NY 11501