DELBELLO DONNELLAN WEINGARTEN  
WISE & WIEDERKEHR, LLP  
*Attorneys for the Debtors*  
One North Lexington Avenue  
White Plains, New York 10601  
(914) 681-0200  
Jonathan S. Pasternak, Esq.  
Steven R. Schoenfeld, Esq  

*Hearing Date: November 24, 2015*  
*Hearing Time: 10:00 a.m.*

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
----------------------------------------------------------------X  
In re:

97-111 Hale, LLC, and  
100-114 Hale, LLC,

                Debtors.

Chapter 11  
Lead Case No. 15-22381 (RDD)

----------------------------------------------------------------X  
GRAND PACIFIC FINANCE CORP.,

                Plaintiff,

        -against-

Adversary Proceeding  
Case No. 15-08224 (RDD)

97-111 HALE, LLC, 100-114 HALE, LLC, *et al.*,

                Defendants.  
----------------------------------------------------------------X  
97-111 HALE, LLC, 100-114 HALE, LLC, ELI BOBKER, BEN BOBKER and JOE BOBKER,

                Counterclaim-Plaintiffs/  
                Crossclaim-Plaintiffs,

       -against-

GRAND PACIFIC FINANCE CORP.,

                Counterclaim-Defendant,  
        and

FINANCIAL ONE GROUP, *et al.*,

                Crossclaim-Defendants.  
----------------------------------------------------------------X

**NOTICE OF HEARING ON MOTION FOR AN ORDER EXTENDING THE AUTOMATIC STAY TO, OR OTHERWISE STAYING, GRAND PACIFIC'S RELATED STATE COURT COLLECTION ACTION AGAINST THE BOBKERS PURSUANT TO SECTIONS 105 AND 362 OF THE BANKRUPTCY CODE UNTIL THE DISPOSITION OF THE CLAIMS AGAINST GRAND PACIFIC IN THE PARTIALLY REMANDED ADVERSARY PROCEEDING**

**PLEASE TAKE NOTICE,** that upon the Motion dated November 6, 2015 (the "Motion") of Debtors, 97-111 Hale, LLC and 100-114 Hale, LLC (collectively, the "Debtors"), by their attorneys DelBello, Donnellan, Weingarten, Wise & Wiederkehr, LLP, seeking entry of an order (i) extending the automatic stay to, or otherwise staying, Grand Pacific Finance Corp.'s ("Grand Pacific") action entitled Grand Pacific Finance Corp. v 97-111 Hale, LLC, et al. (Supreme NY, New York County, Index No. 601164/2009, the "Collection Lawsuit") against the Debtors and the Debtors' co-defendants, the Bobkers, including but not limited to, any steps to enforce the judgment in the Collection Lawsuit or the related Installment Payment Order (defined in the Motion) against the Bobkers, or otherwise, until the disposition on the merits of the claims in the Adversary Proceeding (part of which is scheduled to be tried by bench trial commencing on December 9 in New York Supreme Court, Westchester County), and (ii) such other and further relief to the Debtors as the Court may deem proper, pursuant to Sections 105 and 362 of the Bankruptcy Code and the inherent equitable powers of this Court, a hearing shall be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, Southern District of New York (White Plains Division), 300 Quarropas Street, White Plains, New York 10601 on **the 24th day of November, 2015 at 10:00 a.m.**

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall be in writing, shall specify the basis for such objections, shall identify the name

of the objecting party and the basis and nature of its objection, and shall be filed with the Clerk of the Court at the Court's website www.nysb.courts.gov (login and password required) and served upon DelBello, Donnellan, Weingarten, Wise & Wiederkehr, LLP, Attn: Jonathan S. Pasternak, Esq. and Steven R. Schoenfeld, Esq., with a courtesy copy delivered directly to chambers, so that they are received **on or before November 17, 2015 at 10:00 a.m.**

Dated: White Plains, New York
       November 6, 2015

>DELBELLO DONNELLAN
>WEINGARTEN WISE & WIEDERKEHR, LLP
>*Attorneys for the Debtors*
>One North Lexington Avenue
>White Plains, New York 10601
>(914) 681-0200
>
>
>By:*/s/ Jonathan S. Pasternak*
>      Jonathan S. Pasternak
>      Steven R. Schoenfeld

3

1444091

DELBELLO DONNELLAN WEINGARTEN  *Hearing Date: November 24, 2015*
WISE & WIEDERKEHR, LLP  *Hearing Time: 10:00 a.m.*
*Attorneys for the Debtors*
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200
Jonathan S. Pasternak, Esq.
Steven R. Schoenfeld, Esq

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:

97-111 Hale, LLC, and
100-114 Hale, LLC,

                Debtors.

Chapter 11
Lead Case No. 15-22381 (RDD)

-----------------------------------------------------------------X
GRAND PACIFIC FINANCE CORP.,
                Plaintiff,

     -against-

97-111 HALE, LLC, 100-114 HALE, LLC, *et al.*,
                Defendants.

Adversary Proceeding
Case No. 15-08224 (RDD)

-----------------------------------------------------------------X
97-111 HALE, LLC, 100-114 HALE, LLC, ELI BOBKER, BEN BOBKER and JOE BOBKER,
                Counterclaim-Plaintiffs/
              Crossclaim-Plaintiffs,

     -against-

GRAND PACIFIC FINANCE CORP.,
                Counterclaim-Defendant,
              and

FINANCIAL ONE GROUP, *et al.*,
                Crossclaim-Defendants.
-----------------------------------------------------------------X

**DEBTORS' MOTION FOR AN ORDER EXTENDING THE AUTOMATIC STAY TO, OR OTHERWISE STAYING, GRAND PACIFIC'S RELATED STATE COURT COLLECTION ACTION AGAINST THE BOBKERS PURSUANT TO SECTIONS 105 AND 362 OF THE BANKRUPTCY CODE UNTIL THE DISPOSITION OF THE CLAIMS AGAINST GRAND PACIFIC IN THE PARTIALLY REMANDED ADVERSARY PROCEEDING**

TO:   HONORABLE ROBERT D. DRAIN,
      UNITED STATES BANKRUPTCY JUDGE:

Debtors, 97-111 Hale, LLC and 100-114 Hale, LLC ("Debtors"), by their attorneys DelBello, Donnellan, Weingarten, Wise & Wiederkehr, LLP, hereby submit this motion seeking entry of an order extending the automatic stay to, or otherwise temporarily staying, Claimant Grand Pacific Finance Corp.'s ("Grand Pacific") related action entitled Grand Pacific Finance Corp. v 97-111 Hale, LLC, et al. (Supreme NY, New York County, Index No. 601164/2009, the "Collection Lawsuit") against the Debtors' co-defendants, Ben, Eli and Joe Bobker (the "Bobkers"), who are the individuals who manage the Debtors (through certain entities) and who are guarantors or alleged guarantors of the Debtors' alleged disputed debt on which Grand Pacific's claims against the Debtors in this proceeding are based.

The Debtors seek such relief to temporarily stay related collection efforts against the Bobkers in the Collection Lawsuit relating to their guarantees of the Debtors' debt, including enforcement of a recently issued installment payment order in that separate action, until the disposition of the claims against Grand Pacific in the above-captioned remanded adversary proceeding No. 15-08224 pending in Supreme Court, Westchester County, part of which claims are scheduled, per this Court's July 20, 2015, partial remand order (AP Dkt. No. 14), to be tried by bench trial commencing on December 9 before a Judge to be assigned by the state court.  In

2

support thereof the Debtors respectfully represent as follows:[1]

## Jurisdiction and Venue

1. The Court has jurisdiction over this proceeding to 28 U.S.C. § 157(a) and 1334.

2. Venue is proper pursuant to 28 U.S.C. § 1408 and 1409.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

4. On March 25, 2015, 97-111 Hale, LLC and 100-114 Hale, LLC each filed respective voluntary petitions for reorganization pursuant to Chapter 11 of the Bankruptcy Code. (Dkt. 1). The Debtors have continued in possession of their property and management of their affairs as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner or statutory committee has been appointed

5. On April 15, 2015, the above-captioned cases were consolidated for procedural purposes only and are currently being jointly administered. (Dkt. 16).

6. The Debtors own property located at 97-111 Hale Avenue, White Plains, New York and an adjacent property located at 100-114 Hale Avenue, White Plains, New York (the "Properties"). The Debtors also own claims asserted against Grand Pacific for (i) money damages and other relief exceeding the amount that Grand Pacific claims against the Debtors (and the Bobkers as guarantors of the Debtors), and (ii) equitable subordination of Grand Pacific's claims that need to be adjudicated.

---

[1] Capitalized terms used herein not otherwise defined shall have the meaning ascribed to them in the prior submissions to the Court in this proceeding. Citations to the Docket are to the Lead Case docket.

3

7. The Debtors and the Bobkers have been embroiled in two closely-related lawsuits with Grand Pacific in the New York State Supreme Court in Westchester and New York Counties, respectively, both arising out of Grand Pacific's efforts to wrestle control of the Properties from the Debtors. That litigation ultimately caused the Debtors' bankruptcy filing. The history of that state court litigation is discussed at paragraphs 4-23 and 37-40 of Debtors' May 1, 2015 objections to Grand Pacific's motion to dismiss and/or relief from the automatic stay and sanctions (Dkt. 21) and at paragraphs 3-10 of Debtors' objection to Grand Pacific's motion to dismiss the Debtors/Bobkers' claims in the Adversary Proceeding and remand the Adversary Proceeding to state court (AP Dkt. 10).

8. On April 7, 2015, the Debtors filed a notice of removal of the action entitled <u>Grand Pacific Finance Corp. v. 97-111 Hale, LLC</u> (Supreme NY, Westchester County, Index No. 8084/2009, the "Foreclosure Lawsuit") in which Grand Pacific had sought foreclosure of its mortgage on the Properties and the Debtors have asserted counterclaims (and the Bobkers' asserted related cross-claims), and that action became the adversary proceeding Case No. 15-08244 (the "Adversary Proceeding"). (AP Dkt 1).

9. On April 17, 2015, Grand Pacific filed a motion to dismiss the Chapter 11 cases and/or for relief from the automatic stay so Grand Pacific could press forward with its state court litigation against the Debtors, and a motion for sanctions. (Dkt. 17-18).

10. On May 1, 2015 the Debtors objected to Grand Pacific's motions to dismiss the Chapter 11 cases, lift the automatic stay and sanctions. (Dkt. 21).

11. On June 1, 2015, the Debtors filed a third amended verified answer with affirmative defenses, counterclaims and cross-claims in response to the Grand Pacific complaint in the Adversary Proceeding. That pleading sets forth the factual allegations supporting the

4

Debtors' (and the Bobkers') claims, namely counterclaims/cross-claims against Grand Pacific for money damages and other relief (*see* Fifth and Sixth Counterclaims/Cross-Claims) and the Debtors' claims for equitable subordination of all of Grand Pacific's claims (*see* Seventh Counterclaim/Cross-Claims) arising out of Grand Pacific's bad faith and unconscionable conduct. (AP Dkt. 5).

12. On June 15, 2015, Grand Pacific filed a motion to dismiss the Debtors' and Bobkers' Fifth, Sixth and Seventh Counterclaims/Cross-Claims in the Adversary Proceeding and to remand the Adversary Proceeding (the Foreclosure Lawsuit) to state court in Westchester County for trial. (AP Dkt. 7).

13. On June 23, 2015 the Debtors filed a Chapter 11 Plan of Reorganization (Dkt. 37), and on July 13, 2015 the Debtors filed an Amended Chapter 11 Plan of Reorganization and Joint Disclosure Statement (Dkt. 40-41), and, in brief, the Debtors plan to develop the Properties, and the Bobkers have the knowledge of the history of the planned development and the experience in real estate development to do so. The disposition of the Debtors' claims against Grand Pacific that are initially going to trial on December 9, 2015 is an important step toward the reorganization of the Debtors.

14. On July 7, 2015, the Debtors objected to the Grand Pacific motion to dismiss the claims in the Adversary Proceeding and to remand the Adversary Proceeding to state court in Westchester. (AP Dkt. 10).

15. On July 14, 2015, the Court held a hearing on Grand Pacific's motions to dismiss the Chapter 11 cases and/or lifting of the automatic stay and sanctions and Grand Pacific's motion to dismiss and/or remand the Adversary Proceeding. (Dkt. 42 and AP Dkt. 15 (transcript)). At that hearing the Court declined to dismiss any of the Debtors' claims, and

5

recognized in reference to the Debtors' claims in the Adversary Proceeding and trial that "there's serious issues that remain." Grand Pacific's counsel also conceded that there are issues that would warrant an estimated four to five day trial. (*Id.* at pp. 11-12).

16. At the July 14, 2015 hearing, and as memorialized in the Court's July 20, 2015 order, the Court decided to remand the Adversary Proceeding to state court for trial to be scheduled prior to the end of 2015. (AP Dkt. 14). However, the Court retained exclusive jurisdiction over the Debtors' equitable subordination claim asserted in the third amended answer with affirmative defenses, counterclaims and cross-claims[2] filed in the Adversary Proceeding (AP. Dkt. 5) and stated that that claim "shall be held in abeyance by the parties and this Court for further determination pending the disposition of the Foreclosure Trial in Westchester State Court." (AP Dkt. 14, pp. 2-3).

17. The state court in Westchester County, with the agreement of the parties, has set a December 9, 2015 trial date for a bench trial before a Judge who will be assigned at that time.[3]

18. The undersigned law firm is expanding its retention scope to further act as trial counsel for the Debtors and the Bobkers for the December 9 trial. The Bobkers are currently working closely with undersigned counsel to assist in preparing for trial and are the only parties capable of doing so, and their assistance without distraction is obviously irreplaceable at this critical juncture.

19. The filing of the Debtors' petitions stayed Grand Pacific's efforts against the Debtors in state court in Westchester and in state court in New York County in connection with its judgment in the Collection Lawsuit. However, Grand Pacific has continued its aggressive efforts to collect money from the Bobkers personally based on the related judgment in the

6

1444091-7

Collection Lawsuit. That judgment, in turn, is based primarily on the Bobkers' guarantees of the Debtors' loans from Sterling Bank -- which loans were illegally obtained by Grand Pacific, *inter alia, (a) in violation of the Debtors' Operating Agreement, (b) in bad faith, and (c) as disguised equity* -- on which Grand Pacific's claims against the Debtors in this proceeding are partially based. (Proof of Claim No. 3, ¶ 2, Ex. B; Dkt. 7, Ex. D, p.4 (state court decision referring to Sterling guarantees), Grand Pacific's claims against the Bobkers individually for that debt may be negated by the outcome of the trial that will commence on December 9 in Westchester state court pursuant to this Court's July 20, 2015 order. (AP Dkt. 14).

20. Grand Pacific has recently obtained -- after a referee hearing earlier this year and opposition from the Bobkers -- a state court installment payment order (the "Installment Payment Oder") requiring the Bobkers individually to pay a total of $406,000 per annum in equal monthly installments until the acquired Sterling and Grand Pacific mezzanine loan judgments plus accruing statutory interest have been paid off. A copy of the installment order, as amended on October 20, 2015, is attached as Exhibit A hereto.

21. The state court ordered payments – which the Bobkers have advised counsel that they cannot pay – would run long after the elderly Joe Bobker's passing, well into middle-aged Eli Bobker's and Ben Bobker's old age (if not their own deaths) while Eli and Ben Bobker are currently trying to support their families, including minor children.

22. The Installment Payment Order is really directed at Grand Pacific's further attempts to wrestle control of the Debtors' Properties and undercut and interfere with the Debtors' prosecution of their claims against Grand Pacific in the Adversary Proceeding by

---

[2] The Court called this the "Third Amended Complaint."
[3] The Debtors/Bobkers have waived their right to a jury trial.

7

1444091-7

pressuring the Bobkers and their families financially before there can be a disposition of those claims on their merits.

23. For the reasons set forth below, the Collection Lawsuit, including any enforcement of the Installment Payment Order, as intricately intertwined with the Adversary Proceeding and impending Trial, should therefore be stayed until the disposition on the merits of the claims in the Adversary Proceeding.

**Argument**

24. Section 105(a) of the Bankruptcy Code provides bankruptcy courts with broad discretion to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," including stays of actions against non-debtor third parties. *See* 11 U.S.C. § 105; *A.H. Robins Co. v. Piccinin,* 788 F.2d 994, 1003 (4th Cir. 1986), *cert. denied,* 479 U.S. 876 (1986). Bankruptcy courts also have an inherent power in equity to do so. *A.H. Robins,* 788 F.2d at 1003.

25. While section 362 of the Bankruptcy Code does not typically afford protection to non-debtor third-parties, courts have routinely extended such protections where an identity of interest exists between the debtor and the non-debtor third-party. *See Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003)*; A.H. Robins,* 788 F.2d at 999*; In re North Star Contracting Corp.*, 125 B.R. 368, 370 (S.D.N.Y.1991); *In re Lomas Fin. Corp.*, 117 B.R. 64 (S.D.N.Y. 1990).

26. Courts have repeatedly determined that a "unity" or "identity" of interest exists between a debtor and a non-debtor third-party to warrant extension of a stay where such non-debtor third-party was entitled to indemnification from the debtor on account of any judgment against the non-debtor third-party. *See A.H. Robins. 788 F.2d at 999-1001; see also, e.g., North*

8

*Star Contracting*, 125 B.R. at 369-371 (finding an identity of interest warranting extension of the automatic stay to stop action against the debtor's president to recover money owed by debtor where such president was entitled to indemnification); *Lomas*, 117 B.R. at 68 (staying claims against debtor's officers to recover money loaned to debtor where officers had right to indemnity under corporate charter). A guarantor of a debtor's debt is entitled to indemnification from the debtor and reimbursement for payment of the debtor's debt. *Howell v. Commissioner of Internal Revenue Service*, 69 F.2d 447, 450 (8th Cir. 1934), *cert. denied*, 292 U.S. 654, 54 S.Ct. 864, 78 L.Ed. 1503 (1934). Thus, courts have stayed collection actions against non-debtor guarantors. *See In re Calpine*, 354 B.R. 45 (Bankr. S.D.N.Y. 2006) (staying claims against the debtor's surety); *Seybolt v. Bio-Energy of Lincoln, Inc.*, 38 B.R. 123 (D.Mass.1984) (staying claims against individual guarantors entitled to indemnification from the debtor); *In Re Metal Center*, 31 B.R. 458 (D.Conn.1983) (in effect staying state court action to collect money owed by the debtor by refusing to remand the claim against the non-debtor guarantor to state court).

27.    Section 363(a) (3) of Bankruptcy Code "directs stays of any action, *whether against the debtor or third parties*, to obtain possession or to exercise control over property of the debtor." *A.H. Robins. 788 F.2d* at 1001; 11 U.S.C. § 362. This Court, in a case exactly on point to the facts in the case at bar, has also ruled that the extension of the stay is appropriate to prevent actions outside of Bankruptcy Court that "are actually directed at the Debtor through its principals with the intention of wresting control of" a debtor's adversary proceeding, an estate asset, and "exerting pressure to have it dismissed." *In re Congregation Birchos Yosef*, Case Number 15-22254-rdd, memorandum decision dated August 24, 2015 [Doc. 123] at pp. 7-8.

28.    An identity of interest exists between the Bobkers and the Debtors that justifies the stay sought here because the Bobkers were guarantors of debt of the Debtors that Grand

9

Pacific continues to seek to collect. Grand Pacific brought the Collection Lawsuit against the Debtors and the Bobkers personally as alleged guarantors to collect on certain loans provided to the Debtors by Sterling, which loans were unlawfully acquired by Grand Pacific in bad faith, constitute disguised equity, and which acquisition was all part of a bad-faith scheme to harm the Debtors and the Bobkers.

29. Prior to the filing of the Debtors' petition Grand Pacific obtained a judgment against the Debtors and against the Bobkers personally on the Sterling guarantees. Since the filing of the petition Grand Pacific has continued to press enforcement of that judgment against the Bobkers personally to the point of recently obtaining an installment payment order requiring each of them to make substantial monthly payments to Grand Pacific. (Proof of Claim No. 3, ¶ 2, Ex. B; Dkt. 7, Ex. D, p.4 (state court decision referring to guarantees); Ex. A hereto installment payment order)). Based on their identity of interest with the Debtors, and the potential for such claims to be extinguished and/or equitably subordinated through the trial or the subsequent Bankruptcy proceedings, the Court should extend a limited stay to stop enforcement of the guarantees against the Bobkers personally in the Collection Lawsuit at least until disposition of the claims in the trial and Adversary Proceeding on their merits. *See In re Calpine*, *supra.*; *Seybolt supra.*; *In Re Metal Center, supra.*

30. Grand Pacific's strategy is to wrest control of the Debtors' assets, namely the Properties in White Plains (which Grand Pacific values at at least $7 million and the Debtors value higher), and, as in the *Congregation Birchos Yosef* case, the Debtors' valuable claims against Grand Pacific in the Adversary Proceeding. (Dkt. 17, ¶ 5; *see also generally* AP Dkt. 5 (Third Amended Answer with Affirmative Defenses, Counterclaims and Cross-Claims). In fact, the Debtors' claims against Grand Pacific seek substantial money damages in excess of the

10

amount of Grand Pacific's claims/judgments against the Debtors (and the Bobkers as purported guarantors), and the Debtors seek equitable and other relief, including equitable subordination, that would prevent Grand Pacific from foreclosing on the Properties and leave Grand Pacific with, at most, equity in some form in the Debtors. (AP Dkt. 5). Thus, Grand Pacific is trying to use enforcement of the judgment in the Collection Lawsuit against the Bobkers personally, including securing of an installment payment order that threatens the Bobkers and their families, to undercut and interfere with the Bobkers' ability to support the Debtors in pursuing the Debtors' claims (and the Bobkers' own claims) and to exert pressure on the Bobkers to abandon such support so that the Debtors' meritorious claims cannot be prosecuted on their merits and Grand Pacific can simply take the Debtors' assets by surrender.

31.   Moreover, the installment payment order that Grand Pacific obtained, and that it seeks to enforce, comes at a particularly critical juncture for the Debtor in its efforts to maximize the value of its assets and reorganize its affairs. The trial of the Foreclosure Lawsuit, including the Debtors' claims that Grand Pacific engaged in, among other things, bad faith and oppressive conduct, is set to begin in state court on December 9. The Bobkers are providing critical, irreplaceable assistance right now to trial counsel in preparing for trial, and Grand Pacific's actions are an intentional, unfair and threatening distraction to them and the Debtors at this critical time. *Cf. Lomas*, 117 B.R. at 66-67 (citing distraction to the debtor's management as a factor in staying claims against debtor's officers to recover money loaned to debtor). Thus, the Court should grant the limited stay sought herein.

32.   Any harm to Grand Pacific from a limited, temporary stay of its judgment enforcement actions against the Bobkers is relatively minimal compared to the harm to the Debtors describe above. Grand Pacific has already waited a number of years to foreclose on the

11

Properties and collect payment on its disputed claims – claims that have been vigorously disputed by the Debtors and the Bobkers and claims that are less than the value of the monetary damages sought against Grand Pacific -- so Grand Pacific is hardly prejudiced if it is stayed from enforcing an installment payment order against the Bobkers for at least a few more months so the Debtors have the breathing room to get a disposition of their claims in the Adversary Proceeding on their merits, especially in light of the Bobkers' stated inability to pay.

### Notice

33.    The Motion is being served upon (i) the Office of the United States Trustee, and (ii) all individuals and entities that have filed a notice of appearance and request for documents, including Grand Pacific's counsel. The Debtors submit that such service is good and sufficient notice, as required by Bankruptcy Rules and Local Bankruptcy Rule 9013-1(c).

### No Prior Request

34.    No prior request for the relief sought in this Motion has been made to this or any other Court in connection with these Chapter 11 cases.

### Conclusion

35.    Therefore, for the foregoing reasons, the Debtors respectfully request that the Court: (i) enter an order extending the automatic stay to, or otherwise staying, Grand Pacific's Collection Lawsuit pending in New York Supreme Court, New York County (Index no. 601164/2009) against the Debtors and the Debtors' co-defendants, the Bobkers, including but not limited to, any steps to enforce the judgment in the Collection Lawsuit or the related Installment Payment Order against the Bobkers or otherwise, until the disposition on the merits of the claims in the Adversary Proceeding (part of which is scheduled to be tried by bench trial commencing

12

on December 9 in New York Supreme Court, Westchester County), and (ii) grant such other and further relief to the Debtors as the Court may deem proper.

Dated: White Plains, New York
November 6, 2015

                           DELBELLO DONNELLAN
                           WEINGARTEN WISE & WIEDERKEHR, LLP
                           *Attorneys for the Debtors*
                           One North Lexington Avenue
                           White Plains, New York 10601
                           (914) 681-0200


                           By:*/s/ Jonathan S. Pasternak*
                               Jonathan S. Pasternak
                               Steven R. Schoenfeld


97-111 HALE, LLC


By: */s/ Eli Bobker*
Eli Bobker, Manager, Hale Club, LLC, Managing Member

100-114 HALE, LLC


By: */s/ Eli Bobker*
Eli Bobker, Manager, Hale Club, LLC, Managing Member

14