DELBELLO DONNELLAN WEINGARTEN            *Hearing Date: June 9, 2016*
WISE & WIEDERKEHR, LLP                   *Hearing Time: 10:00 a.m.*
*Attorneys for the Debtors*
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200
Steven R. Schoenfeld, Esq.
Jonathan S. Pasternak, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:

                                           Chapter 11

97-111 Hale, LLC, and                    Lead Case No. 15-22381 (RDD)
100-114 Hale, LLC,


                          Debtors.
----------------------------------------------------------------X

**DEBTORS' MOTION FOR AN ORDER (I) FINDING THAT GRAND PACIFIC FINANCE CORP. VIOLATED THIS COURT'S STAY ORDER DATED DECEMBER 3, 2015; (II) HOLDING THAT GRAND PACIFIC'S MOTION IN THE STATE COURT AGAINST THE BOBKERS IS INVALID, VOID *AB INITIO* AND/OR MUST BE WITHDRAWN AND/OR THAT ANY RELIEF THAT THE STATE COURT MAY GRANT WITH RESPECT TO SUCH MOTION IS INVALID AND VOID *AB INITIO*, AND (III) GRANTING SANCTIONS, LEGAL FEES AND COSTS**

TO:    THE HONORABLE ROBERT D. DRAIN
         UNITED STATES BANKRUPTCY JUDGE

Debtors, 97-111 Hale, LLC and 100-114 Hale, LLC ("Debtors"), by their attorneys DelBello, Donnellan, Weingarten, Wise & Wiederkehr, LLP, submit this motion (the "Motion") pursuant to 11 U.S.C. § 105 for an order (i) finding that the Claimant, Grand Pacific Finance Corp. ("Grand Pacific"), violated, and continues to violate, this Court's stay order dated December 3, 2015 (the "Stay Order," Dkt. 53 and annexed as **Exhibit A hereto**) ) by filing, and maintaining, a motion in the New York state court Collection Lawsuit requesting the incarceration of the Bobkers (the "Incarceration Motion") when the Foreclosure Trial had not yet

concluded,[1] (ii) holding that the Incarceration Motion is invalid, void *ab initio* and/or must be withdrawn and/or holding that any relief that the state court may grant with respect to such motion is invalid and void *ab initio*, and (iii) granting sanctions and legal fees and costs resulting from the violation, including the fees and costs for the Debtors' February 16, 2016 letter to the Court, this Motion and related services in connection therewith.

### **GRAND PACIFIC'S VIOLATION OF THIS COURT'S ORDER**

1. This Court's Stay Order states that "Grand Pacific is enjoined and prohibited from requesting, and the state court is further stayed from issuing, any order or other relief in or related to the Collection Lawsuit or the related state court installment payment order, dated October 20, 2015, that could lead to, or require, the arrest, detention or incarceration of the Bobkers, jointly or individually, pending the conclusion of the Foreclosure Trial. (Dkt. 53, Ex. A) (Emphasis added). It also states that this "Court shall retain jurisdiction to determine any disputes arising under this Order." (Id.).

2. Grand Pacific violated this Court's Stay Order by filing a motion in the New York State court Collection Lawsuit requesting the incarceration of the Bobkers when the Foreclosure Trial had not yet concluded.

3. The Foreclosure Trial is being conducted without a jury before New York State Court Justice Sam Walker in Westchester County. Opening statements and then live courtroom testimony was completed on December 17, 2015, but the trial was continued for (a) filing deposition transcript designations and counter-designations (exchanged in January between counsel but not yet submitted to the Court), (b) filing written submissions requested by Justice Walker (which date had not been set when Grand Pacific filed its Incarceration Motion and is

---

[1] We use the same capitalized defined terms in this letter that are defined in the Court's Stay Order.

now currently set for March 31, 2016), and (c) holding closing arguments before Justice Walker (the date for which had not been set when Grand Pacific filed its Incarceration Motion and is now currently scheduled for April 13, 2016). The Bobkers assistance in connection with the Foreclosure Trial remains critical to the Debtors.

4. On February 12, 2016, and even though the Foreclosure Trial had not yet concluded, Grand Pacific filed the Incarceration Motion in the Collection Lawsuit requesting as Order holding the Bobkers in contempt of the October 20, 2015 state court installment payment order and requesting that Bobkers "be incarcerated" if they do not "timely purge their contempt." The Incarceration Motion had a return date of March 1, 2016 that required a response by the Bobkers by February 23, 201. A copy of Notice of Motion is annexed hereto as **Exhibit "B."**

5. In paragraph 32 of an affirmation filed in support of the Incarceration Motion in the state court by Paul H. Schafhauser, Esq. of Herrick Feinstein, Grand Pacific's counsel, he affirmed that "the Court should…also incarcerate the Bobkers unless and until they fully…pay all amounts under this Court's Installment Payment Order…" A copy of that Affirmation is annexed hereto as **Exhibit "C."**)

6. When it filed the Incarceration Motion Grand Pacific did not forthrightly disclose this Court's Stay Order to Justice Barbara Jaffe, the New York state court judge in the Collection Lawsuit, and did not even attempt to argue why the Stay Order supposedly did not apply to their request for incarceration when the Foreclosure Trial had not yet concluded.

7. Grand Pacific was well aware of the Stay Order and their violation (which is continuing) is just another attempt to undercut and interfere with the Debtors' prosecution of their claims against Grand Pacific in the Foreclosure Trial.

3

8. On February 16, 2016, the undersigned firm, as Debtors' counsel, filed a letter to Judge Drain to notify this Court of Grand Pacific's violation of the Stay Order. (Dkt. 60) This firm also sent a copy of the letter to Justice Jaffe to apprise her of this Court's Stay Order and the violation.

9. On February 17, 2016, Grand Pacific filed a letter to Judge Drain with this Court (Dkt. 61) and, on the next day, filed a letter to Justice Jaffe with the New York state court claiming that the Incarceration Motion did not violate the Stay Order, saying that Grand Pacific was willing to adjourn, but not withdraw, the Incarceration Motion until one day after closing arguments in the Foreclosure Trial, and telling Justice Jaffe that she should not incarcerate the Bobkers until after Judge Walker has heard closing arguments in the Foreclosure Trial. A copy of Grand Pacific's February 18, 2016 letter to Justice Jaffe is annexed hereto as **Exhibit "D."**

10. Justice Walker subsequently set March 31, 2016, as the current date for the parties to the Foreclosure Trial to submit written trial submissions and April 13, 2016 as the date for closing arguments in the Foreclosure Trial.

11. Grand Pacific has refused to withdraw the Incarceration Motion and would only stipulate to adjourning the Incarceration Motion return date from March 1 to April 14, 2016. A copy of that stipulation is annexed hereto as **Exhibit "E."**

12. The Stay Order is clear that Grand Pacific is "<u>enjoined and prohibited from requesting</u>" any order from the state court that could lead to incarceration of the Bobkers until after the completion of the trial. Grand Pacific indisputably <u>requested</u> (and continues to request) orders that could lead to incarceration and the state court return date on that request is irrelevant. Therefore, Grand Pacific violated the Stay Order, and is continuing to violate the Stay Order as long as it maintains the Incarceration Motion.

4

## Relief Requested

13. Bankruptcy Courts have the inherent power to enforce compliance with, or implement, their judicial orders. 11 U.S.C. § 105. This Court retained jurisdiction to determine any disputes arising under the Stay Order. (Dkt. 53).

**WHEREFORE**, the Debtors respectfully request that this Court:

(a) finding that Grand Pacific violated, and continues to violate, this Court's Stay Order (Dkt. 53);

(b) holding that the Incarceration Motion is invalid, void *ab initio* and/or must be withdrawn, and/or holding that any relief that the state court may grant with respect to such motion is invalid and void *ab initio*;

(c) granting sanctions and legal fees and costs resulting from the violation, including the fees and costs for the undersigned February 16 letter to the Court and of this Motion and related services in connection herewith;

(d) granting the Debtors such other and further relief and may be just under the circumstances.

Dated: White Plains, New York
       March 7, 2016

                DELBELLO DONNELLAN WEINGARTEN
                WISE & WIEDERKEHR, LLP
                *Attorneys for the Debtors*
                One North Lexington Avenue, 11th Floor
                White Plains, New York 10601
                (914) 681-0200

                By: */s/ Steven R. Schoenfeld*
                    Steven R. Schoenfeld
                    Jonathan S. Pasternak