HERRICK, FEINSTEIN LLP
*Attorneys for Grand Pacific Finance Corp.*
Stephen B. Selbst
Hanh V. Huynh
Two Park Avenue
New York, NY  10016
(212) 592-1400
(212) 592-1500
sselbst@herrick.com
hhuynh@herrick.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                   :
In re:                                                             :   Chapter 11
                                                                   :
97-111 HALE, LLC, and 100-114 HALE, LLC,                           :   Lead Case No.:  15-22381 (RDD)
                                                                   :   (Jointly Administered)
                    Debtors.                                       :
                                                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**OBJECTION OF GRAND PACIFIC FINANCE CORP. TO THE DEBTORS' MOTION FOR AN ORDER (I) FINDING THAT GRAND PACIFIC FINANCE CORP. VIOLATED THIS COURT'S STAY ORDER DATED DECEMBER 3, 2015; (II) HOLDING THAT GRAND PACIFIC'S MOTION IN THE STATE COURT AGAINST THE BOBKERS IS INVALID, VOID *AB INITIO* AND/OR MUST BE WITHDRAWN AND/OR THAT ANY RELIEF THAT THE STATE COURT MAY GRANT WITH RESPECT TO SUCH MOTION IS INVALID AND VOID *AB INITIO*, AND (III) GRANTING SANCTIONS, LEGAL FEES AND COSTS**

Grand Pacific Finance Corp. ("Grand Pacific"), by its counsel Herrick, Feinstein LLP, submits this objection (the "Objection") to the motion (the "Motion") [Docket No. 63] of 97-111 Hale, LLC and 100-114 Hale, LLC (collectively, the "Debtors") for entry of an order (i) finding that Grand Pacific violated the Court's *Order Partially Denying and Partially Granting Limited Stay of Grand Pacific's Related State Court Collection Action Against the Bobkers* dated December 3, 2015 (the "Stay Order") [Docket No. 53]; (ii) holding that the motion filed by Grand Pacific in the parties' state court foreclosure action to hold the Bobkers in

HF 10833083v.2

contempt and for related relief is void; and (iii) granting sanctions against Grand Pacific for its alleged violation of the Stay Order. In support of the Objection, Grand Pacific respectfully represents as follows:

## PRELIMINARY STATEMENT

1. This Court should deny the Debtors' Motion. First, as demonstrated below, Grand Pacific did not violate the Stay Order. Equally importantly, however, the Debtors cannot establish that they suffered any damages. Because the trial and post-trial submissions in the Foreclosure Action (as defined below) are fully completed, the Debtors' Motion is moot.

2. On November 6, 2015 the Debtors moved (the "Stay Motion") [Docket No. 48] this Court for an order to extend the automatic stay to cover Joe Bobker and his sons Eli Bobker and Benjamin Bobker (collectively, the "Bobkers") pending completion of the trial on Grand Pacific's foreclosure claim and the Debtors' counterclaims in Supreme Court, Westchester County (the "Foreclosure Action").

3. This Court denied the Stay Motion, except to the extent that Grand Pacific sought incarceration of the Bobkers prior to the conclusion of the trial in the Foreclosure Action. The Court's rationale was that the Bobkers needed to be available to participate in the Foreclosure Trial without being subject to incarceration.

4. The trial in the Foreclosure Action concluded with the close of live witness testimony on December 17, 2015. *Approximately two months later*, on February 12, 2016, Grand Pacific filed its motion seeking to hold the Bobkers in contempt for violating the installment payment order entered in the Collection Action (as hereinafter defined). The Debtors claim that Grand Pacific violated the Stay Order by filing its contempt motion prior to the conclusion of post-trial submissions in the Foreclosure Action.

2

5. By its terms, the Stay Order only covered the trial in the Foreclosure Action; Grand Pacific contends that its action in filing the contempt motion two months after that trial concluded did not violate the letter or the spirit of the Stay Order. However, to assuage the Bobkers' concerns, Grand Pacific adjourned the return date on the contempt motion to a date after the closing arguments in the Foreclosure Action. Accordingly, the issue is now wholly moot. The Bobkers participated and testified in the trial of the Foreclosure Action, and because the matter is now fully submitted, the Bobkers have no further responsibilities in that matter except to await the Westchester court's ruling.

## BACKGROUND

6. On March 25, 2015 (the "Petition Date"), the Debtors filed petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are single asset real estate entities whose sole assets are the vacant lots located at 97-111 Hale Avenue and 100-114 Hale Avenue, White Plains, New York (collectively, the "Properties"). The Debtors purchased the Properties in 2004.

7. The Debtors' principals are the Bobkers. On August 16, 2006, Grand Pacific loaned $5,362,500 to the Debtors (the "Grand Pacific Loan"), secured by a mortgage on the Properties and guaranteed by Joe Bobker. The Grand Pacific Loan matured on August 16, 2007, and the Debtors defaulted on the underlying note, mortgage and Joe Bobker defaulted on his guaranty by failing to pay the Grand Pacific Loan.

8. In order to protect its interest in the Properties, Grand Pacific purchased loans made to the Debtors by Sterling Real Estate Holding Company, Inc. ("Sterling"), secured by a mortgage on the Properties and guaranteed by Eli Bobker and Ben Bobker.

**The Foreclosure Action**

9. On April 17, 2009, Grand Pacific commenced the Foreclosure Action by filing a complaint to foreclose on the mortgage securing the Grand Pacific Loan and for entry of

3

judgment against Joe Bobker on his guaranty. The Debtors removed the Foreclosure Action to this Court, but by order dated July 20, 2015, the Court remanded the Foreclosure Action back to the Westchester state court.

10. The trial in the Foreclosure Action concluded on December 17, 2015. The parties filed post-trial briefs and closing arguments were heard on May 16, 2016. The Bobkers fully participated in the Foreclosure Action through post-trial briefing and closing arguments. The Bobkers were never incarcerated at any point during the Foreclosure Action, and remain un-incarcerated.

**The Collection Action**

11. At about the same time as Grand Pacific commenced the Foreclosure Action, it also commenced an action in the Supreme Court of the State of New York, New York County (the "Collection Action") against the Debtors and the Bobkers to collect sums due under, among other things, the defaulted Sterling loans and the Bobkers' guaranties of those loans.

12. Grand Pacific was granted summary judgment in the Collection Action, and on May 20, 2011, judgment in the amount of $13,710,123.36 was entered. Grand Pacific has been attempting to collect on that judgment since that time, but its efforts have been impeded by the Bobkers' concealment of assets and their refusal to comply with discovery orders. Accordingly, Grand Pacific moved for the issuance of an installment payment order under New York CPLR § 5226.

13. On October 20, 2015, the New York state court entered an amended order (the "Installment Payment Order") requiring the Bobkers individually to pay a total of $406,600 per year until the Collection Action judgment is paid.

4

**This Court's Denial of the Stay Motion**

14. On November 6, 2015, the Debtors filed the Stay Motion, in an attempt to protect the non-debtor Bobkers by extending the protections of the automatic stay to them. On December 3, 2015, the Court entered the Stay Order, which denied the Stay Motion, except that "Grand Pacific is enjoined and prohibited from requesting, and the state court is further stayed from issuing, any order or other relief in or related to the Collection Lawsuit or the related state court installment payment order, dated October 20, 2015, that could lead to, or require, the arrest, detention or incarceration of the Bobkers, jointly or individually, pending the conclusion of the Foreclosure Trial." Stay Order p. 2.

**The Contempt Motion**

15. On February 12, 2016, two months after the completion of the trial in the Foreclosure Action in December 2015, Grand Pacific filed a motion in the Collection Action (the "Contempt Motion") to hold the Bobkers in contempt for their failure to comply with the Installment Payment Order. Grand Pacific requested that the New York state court order the Bobkers to comply with the Installment Payment Order and, absent the Bobkers' timely purge of their contempt, Grand Pacific sought an order of incarceration.

16. Even though evidence in the foreclosure trial was closed on December 17, 2015, counsel for the Debtors and the Bobkers argued that the filing of the Contempt Motion violated the Stay Order because the parties had not submitted post-trial briefing. Although the Stay Order by its terms did not prohibit Grand Pacific from filing the Contempt Motion when it did, Grand Pacific adjourned the Contempt Motion to a date after closing arguments in the Foreclosure Action.

17. On March 7, 2016, the Debtors filed the Motion. At that time, the Contempt Motion was not scheduled to be heard until after closing arguments in the Foreclosure Action.

5

The Bobkers, therefore, faced no threat of incarceration until well after all post-trial proceedings were concluded. In fact, briefing on the Contempt Motion was only recently completed on May 17, 2016, and oral argument has yet to be scheduled. Therefore, as of the date of this Objection--six months after the foreclosure trial and almost two months after closing arguments--the Bobkers remain under no threat of incarceration.

## ARGUMENT

18.     The Debtors' Motion must be denied because Grand Pacific did not take any improper action in filing the Contempt Motion. Moreover, the Motion should be denied as moot because the foreclosure trial, post-trial proceedings and closing arguments have all been completed in the Foreclosure Action. At no time during any of those proceedings were the Bobkers under any threat of incarceration.

A.     **Grand Pacific Did Not Violate The Stay Order**

19.     The Stay Order generally denied the Debtors' request to extend the automatic stay provisions of section 362 of the Bankruptcy Code to protect the Bobkers, with the exception that Grand Pacific could not seek the Bobkers' incarceration during the pendency of the trial in the Foreclosure Action. This exception was to ensure that the Bobkers would be available to participate in the foreclosure trial.

20.     The Contempt Motion was not filed in violation of the Stay Order. First, the Stay Order restricts Grand Pacific's right to seek incarceration pending the Foreclosure Trial, which was completed December 17, 2015, and does not cover post-trial proceedings. The Contempt Motion was filed on February 12, 2016, well after the close of the foreclosure trial. Second, even if the Stay Order extended to post-trial proceedings, the Contempt Motion had a return date of March 1, 2016, which (at the time) was after post-trial submissions were due on February 29, 2016. Third, the Contempt Motion seeks an order finding the Bobkers in contempt for their

6

failure to comply with the installment payment order, and only seeks incarceration if the Bobkers do not purge their contempt. Thus, as a practical matter, the Bobkers could not have possibly faced incarceration until post-trial proceedings were completed. Accordingly, the purpose of the exception in the Stay Order was preserved, because the Bobkers were at all times available to assist and participate in the litigation of the foreclosure trial and all post-trial proceedings as well.

21. Notwithstanding the foregoing, in order to give further comfort to the Debtors and the Bobkers that the Bobkers would not face incarceration pending the post-trial proceedings in the Foreclosure Action, Grand Pacific adjourned the Contempt Motion until the day after closing arguments in the Foreclosure Action. Thus, at no time was there any possibility that the Bobkers would face incarceration before completion of the foreclosure trial, post-trial briefing and closing arguments in the Foreclosure Action. There was nothing improper about Grand Pacific filing the Contempt Motion.

### B. Grand Pacific Should Not Be Held In Contempt

22. The Debtors ask the Court to compel Grand Pacific's compliance with the Stay Order. A party may be held in civil contempt for failure to comply with a court order if: "(1) the order ... is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.,* 369 F.3d 645, 655 (2d Cir. 2004) (internal quotations omitted).

23. Here, Grand Pacific cannot be found to be in contempt for violating the Stay Order, because the Debtors cannot demonstrate any clear and convincing noncompliance or that Grand Pacific has not diligently attempted to comply in a reasonable manner. First, the Stay Order prohibits Grand Pacific from seeking to incarcerate the Bobkers, **but only "pending the**

7

*conclusion of the Foreclosure Trial.*" The Stay Order refers to the Court's July 20, 2015 order (Adv. Pro. No. 15-082224, Docket. No. 14) for the definition of "Foreclosure Trial." The Court's July 20, 2015 order provides as follows: "counsel for Grand Pacific and counsel for the Debtors shall promptly contact the Westchester State Court to schedule a trial (the "Foreclosure Trial") to occur over mutually agreeable dates; provided, however, that if the Foreclosure Trial is not scheduled to be conducted before the end of 2015, the parties shall act as set forth in the next paragraph."

24. Foreclosure Trial thus is defined as a trial that would be conducted in the Westchester state court *prior to the end of 2015*. And indeed, the Foreclosure Trial was conducted before the end of 2015; it concluded on December 17, 2015. By waiting until February 2016 to seek the Bobkers' incarceration (and, even then, only upon the Bobkers' failure to purge their contempt), Grand Pacific fully complied with the Stay Order.

25. Moreover, the Debtors cannot demonstrate that Grand Pacific did not attempt to comply in a reasonable manner. Despite the clear language of the Stay Order that the bar on Grand Pacific's right to seek incarceration was limited to the period of time prior to conclusion of the Foreclosure Trial (and the Foreclosure Trial clearly was defined to be a trial that was to be conducted prior to the end of 2015), Grand Pacific nevertheless agreed to adjourn the Contempt Motion until such time as post-trial briefing and closing arguments were completed. Grand Pacific did not have to do this. By making this accommodation, Grand Pacific demonstrated that it has diligently attempted to comply with the Stay Order in a reasonable manner.

**C.     The Motion Is Moot**

26. Furthermore, the Debtors' request for relief in the Motion is moot, because, as it turns out, the Contempt Motion has yet to even be heard. The Stay Order only prohibited Grand Pacific from seeking the Bobkers' incarceration "pending the conclusion of the Foreclosure

Trial." The foreclosure trial has been concluded; Grand Pacific cannot be in violation of the Stay Order at this point. *See, e.g., New York City Employees' Retirement System v. Dole Food Co.*, 969 F.2d 1430 (2d Cir. 1992) ("A case becomes moot when the issues presented are no longer 'live' or the parties 'lack a legally cognizable interest in the outcome.'") (citations and quotation omitted). There has been no threat of incarceration to the Bobkers pending the conclusion of the Foreclosure Trial; they have fully participated in the Foreclosure Trial (including the trial, post-trial proceedings and closing arguments).

**WHEREFORE**, Grand Pacific respectfully requests that the Court deny the relief requested in the Motion, and grant Grand Pacific such other and further relief as the Court deems just and proper.

Dated: New York, New York
       June 2, 2016

    HERRICK, FEINSTEIN LLP
    *Attorneys for Grand Pacific Finance Corp.*

    By:   */s/ Stephen B. Selbst*
       Stephen B. Selbst
       Hanh V. Huynh
    Two Park Avenue
    New York, NY 10016
    (212) 592-1400
    (212) 592-1500
    sselbst@herrick.com
    hhuynh@herrick.com