Hearing Date & Time:  January 12, 2016 at 10:00 a.m.
Objection Deadline:  January 5, 2016

HERRICK, FEINSTEIN LLP
*Attorneys for Grand Pacific Finance Corp.*
Stephen B. Selbst
Hanh V. Huynh
Two Park Avenue
New York, NY  10016
(212) 592-1400
(212) 592-1500
sselbst@herrick.com
hhuynh@herrick.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- x
                                      :
In re:                                :    Chapter 11
                                      :
97-111 HALE, LLC, and 100-114 HALE, LLC,  :    Lead Case No.:  15-22381 (RDD)
                                      :    (Jointly Administered)
                         Debtors.     :
                                      :
------------------------------------- x

**NOTICE OF MOTION OF GRAND PACIFIC FINANCE**
**CORP. FOR RELIEF FROM THE AUTOMATIC STAY**

    **PLEASE TAKE NOTICE** that a hearing (the "Hearing") to consider the motion (the "Motion") of Grand Pacific Finance Corp. ("Grand Pacific"), seeking entry of an order for relief from the automatic stay pursuant to 11 U.S.C. § 362(d), shall be held before the Honorable Judge Robert D. Drain, Bankruptcy Judge of the United States Bankruptcy Court for the Southern District of New York, at 300 Quarropas Street, White Plains, New York 10601 on **January 12, 2016 at 10:00 a.m.** (prevailing Eastern Time).

    **PLEASE TAKE FURTHER NOTICE** that objections to the Motion, if any, must be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (General order M-242 and the User's Manual for the Electronic Case Filing System

15-22381-rdd    Doc 79    Filed 12/08/16    Entered 12/08/16 17:26:50    Main Document
Pg 2 of 17

can be found at www.nysb.uscourts.gov), by registered users of the Bankruptcy Court's case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format (with a hard-copy delivered directly to Chambers), and shall be served in accordance with General Order M-242 upon (a) counsel for Grand Pacific, Herrick, Feinstein LLP, 2 Park Avenue, New York, NY 10016 (Attn.: Stephen B. Selbst, Esq.); (b) the Office of the United States Trustee; and (c) all parties who have timely filed requests for notice under Rule 2002 of the Bankruptcy Rules, so as to be received no later than **January 5, 2016 at 4:00 p.m.** (prevailing Eastern Time).

Dated: New York, New York
       December 8, 2016

                      HERRICK, FEINSTEIN LLP
                      *Attorneys for Grand Pacific Finance Corp.*

                      By:   /s/ Stephen B. Selbst
                           Stephen B. Selbst
                           Hanh V. Huynh
                      Two Park Avenue
                      New York, NY 10016
                      (212) 592-1400
                      (212) 592-1500
                      sselbst@herrick.com
                      hhuynh@herrick.com

HERRICK, FEINSTEIN LLP
*Attorneys for Grand Pacific Finance Corp.*
Stephen B. Selbst
Hanh V. Huynh
Two Park Avenue
New York, NY  10016
(212) 592-1400
(212) 592-1500
sselbst@herrick.com
hhuynh@herrick.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re:

97-111 HALE, LLC, and 100-114 HALE, LLC,

        Debtors.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

: Chapter 11
:
: Lead Case No.:  15-22381 (RDD)
: (Jointly Administered)

**MOTION OF GRAND PACIFIC FINANCE**
**CORP. FOR RELIEF FROM THE AUTOMATIC STAY**

       Grand Pacific Finance Corp. ("Grand Pacific"), by its counsel, Herrick, Feinstein LLP, as and for its motion (the "Motion") seeking entry of an order granting relief from the automatic stay pursuant to 11 U.S.C. § 362(d), respectfully represents as follows:

**PRELIMINARY STATEMENT**

       1.     From the day the above-captioned chapter 11 cases (the "Chapter 11 Cases") were filed, the Debtors contended they would prevail on their litigation claims against Grand Pacific, and expunge, recharacterize or equitably subordinate Grand Pacific's claims.  As articulated in the Declaration of Eli Bobker Pursuant to Local Bankruptcy Rule 1007-2 [ECF 12], and echoed

in the adversary proceeding pending against Grand Pacific[1] and in the Debtors' disclosure statement (the "Disclosure Statement") [ECF 41], the Debtors alleged that Grand Pacific had interfered with their ability to sell, develop or refinance the Properties (as hereinafter defined). Disclosure Statement at 6-10.

2. By order dated July 20, 2015, this Court remanded the Debtors' claims in the Adversary Proceeding (and Grand Pacific's claim for a foreclosure judgment on the Properties) to Supreme Court, Westchester County (the "Westchester Court") for trial [Adv. Pro. ECF 14]. The Westchester Court took testimony in that action in December 2015, and on September 16, 2016, the Honorable Sam D. Walker ruled that Grand Pacific was entitled to a foreclosure judgment and rejected all of the Debtors' counterclaims and defenses on the merits (the "Westchester Decision"). A copy of the Westchester Decision is attached hereto as Exhibit A.

3. During the 21 months that these Chapter 11 Cases have been pending, the Debtors have taken no meaningful steps to reorganize. The Debtors' sole assets, two parcels of vacant real estate in downtown White Plains, New York, located at 97-111 Hale Avenue and 100-114 Hale Avenue (collectively, the "Properties") were vacant and generated no cash flow on the Petition Date (as hereinafter defined) and remain so today. Since filing these Chapter 11 Cases, the Debtors have provided no adequate protection to Grand Pacific in the form of interest payments; indeed, they have continued to default even on the payment of real estate taxes, forcing Grand Pacific to fund the Debtors' obligations, and further reducing the collateral value of the Properties to Grand Pacific.

---

[1] On April 7, 2005, the Debtors removed the litigation styled *Grand Pacific Finance Corp. v. 97-111 Hale LLC, 100-114 Hale LLC, Joe Bobker, The City of White Plains, the County of Westchester, People of the State of New York and "John Doe" Nos. 1-25*, which was pending in Supreme Court, Westchester County (the "Westchester Action") under index number 008084/2009, to this Court as an adversary proceeding, pending as case 15-08224 (the "Adversary Proceeding"). References to docket entries in the Adversary Proceeding are hereinafter cited as "[Adv. Pro. ECF __]".

4. Grand Pacific's efforts to recover amounts due from the Debtors and the guarantors stretches back nearly a decade. Grand Pacific first loaned the Debtors $5,362,500 (the "Grand Pacific Loan") on August 16, 2006, secured by a mortgage on the Properties and guaranteed by Joe Bobker, a principal of the Debtors. When the Grand Pacific Loan matured on August 16, 2007, the Debtors and Joe Bobker defaulted by failing to repay the loan and the guaranty, respectively. The Debtors' defaults led to extensive litigation, in which Grand Pacific has sought -- so far in vain -- to collect on the indebtedness owed to it. Since the Grand Pacific Loan went into default in 2007, neither the Debtors nor Joe Bobker has ever paid any money to Grand Pacific.

5. When the Debtors filed their First Amended Joint Plan of Reorganization (the "Plan") [ECF 40] on July 13, 2015, their Plan assumed that they would prevail in their litigation against Grand Pacific, and that Grand Pacific's claims would be expunged, equitably subordinated or recharacterized. Plan at § 3.2. Because the Westchester Decision denied all of the Debtors' claims, that Plan is now a dead letter.

6. Moreover, the Debtors have admitted they have no equity in the Properties. In their schedules filed with this Court, their Plan asserted that the aggregate value of the Properties is $10 million,[2] and they have admitted that Grand Pacific holds a judgment lien for approximately $16.6 million.[3] Even using the Debtors' valuation of the Properties (which is $3

---

[2] The Debtors value the property at 97-111 Hale Avenue at $4.5 million [ECF 1] and the property at 100-114 Hale Avenue at $5.5 million [Case No. 15-22382, ECF 1].

[3] [ECF 1]. The New York State Court (as hereinafter defined) granted judgment to Grand Pacific in 2011 for approximately $13.7 million in respect of the Sterling Loans and the Mezzanine Loan (as hereinafter defined). *See* paragraph 13 infra. With pre-petition judgment interest at 9% per annum,, that claim alone stood at approximately $18.4 million as of the Petition Date, a figure that does not include the Grand Pacific Loan in the principal amount of $5,362,500.

million higher than Grand Pacific's appraised value of $7 million),[4] and the Debtors' figure for the Grand Pacific Claim (which is $7 million below Grand Pacific's value), Grand Pacific holds a deficiency claim of $6.6 million, and no plan of reorganization can be confirmed for the Debtors over Grand Pacific's objection.

7. Given this record, it is clear that Grand Pacific is entitled to relief from the automatic stay under sections 362(d)(1) and 362(d)(2) of the Bankruptcy Code. The Debtors have failed to provide Grand Pacific with any adequate protection, they have no equity in the Properties, and they cannot reorganize without Grand Pacific's consent, which they will not obtain. The Debtors have controlled these Properties and frustrated Grand Pacific's attempts to collect the debts due to it for nearly a decade. The Debtors had a full and fair opportunity to litigate their claims against Grand Pacific in the Westchester Action, and those claims have been completely rejected. That record and the interests of justice require that Grand Pacific be granted relief from the automatic stay to complete the foreclosure on these Properties.

## BACKGROUND

### A.    The Properties and the Grand Pacific Debt

8. The Debtors are single asset real estate entities whose sole assets are the Properties. Disclosure Statement for First Amended Joint Plan of Reorganization at 4 [ECF 40]. 97-111 Hale, LLC owns the vacant lot located at 97-111 Hale Avenue, White Plains, New York and 100-114 Hale, LLC owns the adjacent vacant lot located at 100-114 Hale Avenue, White Plains, New York. Disclosure Statement at 4.

---

[4] A copy of Grand Pacific's appraisal dated July 7, 2015 (the "Appraisal"), performed by CBRE, is attached hereto as Exhibit B.

9. The Debtors' principals are real estate developers Joe Bobker and his sons, Eli Bobker and Ben Bobker. Disclosure Statement at 5-6. The Debtors purchased the Properties in 2004. Westchester Decision at 3. On July 22, 2005, Sterling Real Estate Holding Company, Inc. ("Sterling") loaned $5.5 million to the Debtors, secured by a first mortgage on the Properties and guaranteed by Eli Bobker and Ben Bobker. *Id.*

10. In February 2006, the Debtors obtained site approval from the City of White Plains to develop two 10-12 story condominium buildings on the Properties consisting of 127 condominium units. *Id*. However, the zoning variance that the Debtors obtained lapsed due to the Debtors' failure to pursue development, and the Debtors would be required to obtain zoning approval *de novo* to develop the Properties, a process that the Debtors admit would take 9-15 months at a minimum. Disclosure Statement at 15-16. Thus, any development of the Properties is years away and the success of those efforts cannot be assured. Other than filing a Plan that cannot now be confirmed, the Debtors have made no progress toward reorganization.

11. On August 16, 2006, Grand Pacific loaned $5,362,500 to the Debtors, secured by a second mortgage on the Properties and guaranteed by Joe Bobker. Westchester Decision at 4. Joe Bobker also guaranteed a separate loan from Grand Pacific to Hale Club in the amount of $1,637,500 (the "Mezzanine Loan"). *Id.*

12. On or about October 24, 2006, Sterling loaned another $1 million to the Debtors, secured by another mortgage on the Properties. Disclosure Statement at 7. Sterling's $5.5 million loan and $1 million loan are hereinafter referred to as the "Sterling Loans".

B. **The Collection Action**

13. The Grand Pacific Loan matured on August 16, 2007, and the Debtors and Joe Bobker defaulted on the underlying note, mortgage and guaranty by failing to pay. Westchester

5

Decision at 2.  In 2008, Grand Pacific acquired the Sterling Loans.  Westchester Decision at 7-8.  In 2009, Grand Pacific commenced an action (the "<u>New York Action</u>") to collect sums due under the Sterling Loans, the Mezzanine Loan, and the related guaranties in the Supreme Court, New York County (the "<u>New York State Court</u>").  Disclosure Statement at 10.  On or about March 15, 2011, the New York State Court entered judgment in favor of Grand Pacific in the New York Action in the amount of $13,710,123.36.  *Id.*

      C.      **<u>Westchester Action</u>**

14.     In April 2009, Grand Pacific commenced the Westchester Action by filing a complaint in the Westchester Court seeking to foreclose the mortgage securing the Grand Pacific Loan and entry of judgment against Joe Bobker on his guaranty.  Westchester Decision at 8.  On July 22, 2010, Grand Pacific filed a motion for summary judgment prior to discovery.  The Westchester Court held that Grand Pacific had made out a *prima facie* case for foreclosure, but it also held that the defendants had raised issues of fact with respect to their default on the Grand Pacific Loan.  Westchester Decision at 9.

15.     After discovery, Grand Pacific again moved for summary judgment.  On March 28, 2013, the Westchester Court made the following rulings:

- Denying Grand Pacific summary judgment of foreclosure;

- Denying summary judgment on defendants' first and second counterclaims/crossclaims and the fifth counterclaim/crossclaim insofar as it sought equitable relief;

- Granting summary judgment dismissing defendants' third and fourth counterclaims/crossclaims and the fifth counterclaim/crossclaim insofar as it sought monetary relief; and

- Granting summary judgment striking defendants' first, second, third, fifth, sixth, tenth, eleventh, and twelfth affirmative defenses.

Westchester Decision at 10.

16.     Grand Pacific appealed the post-discovery summary judgment decision. On December 10, 2014, the Appellate Division, Second Department, ordered the modification of the Westchester Court order to provide (i) summary judgment to Grand Pacific striking the fourth, seventh, eighth, and ninth affirmative defenses (resulting in all affirmative defenses being stricken); and (ii) summary judgment to Grand Pacific dismissing the defendants' first and second counterclaims (resulting in the dismissal of all counterclaims other than the equitable elements of the fifth counterclaim). Westchester Decision at 10.

### D.     The Chapter 11 Cases

17.     The Westchester Court scheduled a trial date of April 27, 2015 in the Westchester Action. On March 25, 2015, less than a month before the scheduled trial of the Westchester Action, the Debtors filed the Chapter 11 Cases. The Chapter 11 Cases are being jointly administered pursuant to an order entered by this Court on April 15, 2015 [ECF 16].

18.     On April 17, 2015, Grand Pacific made a motion to dismiss (the "Motion to Dismiss") the Debtors' Chapter 11 Cases or in the alternative, to obtain relief from the automatic stay [ECF 17]. In the Adversary Proceeding, Grand Pacific made a motion to dismiss certain of the Debtors' claims or, in the alternative, to remand to the Westchester Court the claims asserted by the Debtors [Adv. Pro. ECF 7] (the "Motion to Remand").

19.     This Court held a combined hearing on the Motion to Dismiss and the Motion to Remand on July 14, 2015, and by order dated July 20, 2015, remanded the claims (other than the Seventh Claim for equitable subordination) asserted in the Adversary Proceeding for trial in the Westchester Court. The equitable subordination claim was held in abeyance [Adv. Pro. ECF 14].

7

20. The trial in the Westchester Action was held in December 2015; on September 16, 2016, the Honorable Sam D. Walker issued the Westchester Decision, in which he reviewed the Debtors' claims in light of the evidence and concluded that none of their claims had any merit:

> It is the finding of this Court that the Defendants/Counterclaim-Plaintiff failed to establish that Grand Pacific acted in bad faith or engaged in oppressive and unconscionable conduct such that it should be prevented from foreclosing its mortgage…Defendants/Counterclaim-Plaintiff has failed to raise triable issues of fact or any viable defenses in support their failure to satisfy the mortgages. Instead, they have put forth a smokescreen to divert the Court's attention … Plaintiff has established its entitlement to a judgment of foreclosure and sale.

Westchester Decision at 23- 24.

21. On October 12, 2016, the Debtors and Grand Pacific entered into a Stipulation and Order that authorized Grand Pacific to have judgment entered in the Westchester Action [Adv. Pro ECF 16]. The Stipulation and Order provided that Grand Pacific would obtain relief from the automatic stay before executing on that judgment. *Id*. at ¶2.

22. On December 2, 2016, the Westchester Court entered a Final Judgment of Foreclosure and Sale, a copy of which is attached hereto as Exhibit C.

23. On December 6, 2016, each of Joe Bobker, Eli Bobker and Ben Bobker filed a chapter 11 petition in this Court.

## ARGUMENT

**I. GRAND PACIFIC IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(D)(1) AND (D)(2)**

24. Grand Pacific is entitled to relief from the automatic stay to allow it to proceed with foreclosure of the Properties. Section 362(d) of the Bankruptcy Code governs the automatic stay and the modification thereof. The section provides, in pertinent part:

8

15-22381-rdd    Doc 79    Filed 12/08/16    Entered 12/08/16 17:26:50    Main Document
Pg 11 of 17


> (d)  On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay --
>
> > (1)  for cause, including the lack of adequate protection of an interest in property of such party in interest.
> >
> > (2)  with respect to a stay of an act against property under subsection (a) of this section, if -
> >
> > > (A)  the debtor does not have any equity in such property; and
> > >
> > > (B)  such property is not necessary to an effective reorganization …

11 U.S.C. § 362(d)(1), (2).

25.  "Sections 362(d)(1) and (d)(2) are disjunctive. This means that the Court must lift the stay if the movant prevails under either of the two grounds." *In re Elmira Litho Inc.*, 174 B.R. 892, 900 (Bankr. S.D.N.Y. 1994) (citing *In re Touloumis*, 170 B.R. 825, 827 (Bankr. S.D.N.Y. 1994); *In re de Kleinman*, 156 B.R. 131, 136 (Bankr. S.D.N.Y. 1993); and *In re Diplomat Elecs. Corp.*, 82 B.R. 688, 692 (Bankr. S.D.N.Y. 1988)). Here, Grand Pacific respectfully submits that it is entitled to modification of the automatic stay for cause under both sections 362(d)(1) and (2).

A.  **"Cause" Exists for Relief Pursuant to 11 U.S.C. § 362(d)(1)**

26.  In a hearing for relief from the automatic stay under section 362(d), the party opposing stay relief bears the burden of proof on all issues (except the debtor's equity in the property under section 362(d)(2)(A)). *See In re Domestic Fuel Corp.*, 70 B.R. 455, 462-63 (Bankr. S.D.N.Y. 1987); 11 U.S.C. § 362(g). If a creditor seeking relief from the automatic stay makes a *prima facie* case of cause for lifting the stay, the burden of going forward shifts to the debtor pursuant to section 362(g). *In re 234-6 West 22nd St. Corp.*, 214 B.R. 751, 756 (Bankr.

9

S.D.N.Y. 1997). *See also Elmira Litho*, 174 B.R. at 901.

27. The term "cause" is not defined in the Bankruptcy Code, and whether cause to lift the stay exists should be determined on a case-by-case basis. *See Sonnax Indus., Inc. v. Tri Component Products Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990); *In re Balco Ltd.*, 312 B.R. 734, 748 (Bankr. S.D.N.Y. 2004). The decision whether to lift the automatic stay is committed to the sound discretion of the bankruptcy judge and may be overturned only upon a showing of abuse of discretion. *See Sonnax*, 907 F.2d at 1286.

28. Here, Grand Pacific's lack of adequate protection constitutes cause for relief from the automatic stay; lack of adequate protection is listed as cause under section 362(d)(1). Although adequate protection is not defined in the Bankruptcy Code, section 361 lists three separate ways adequate protection may be provided to a creditor: (a) periodic cash payments; (b) a replacement lien; or (c) granting such other relief as will result in the realization of the indubitable equivalent of the creditor's interest in such property. 11 U.S.C. § 361. One bankruptcy court explained the purpose of granting a secured creditor adequate protection:

> The purpose of providing adequate protection is to insure that a creditor receives the value for which it bargained pre-bankruptcy. Adequate protection is, essentially, protection for the creditor to assure its collateral is not depreciating or diminishing in value … and is made on a case-by-case basis. The secured creditor must, therefore, prove this decline in value-or the threat of a decline-in order to establish a prima facia case.

*In re Gunnison*, 320 B.R. 391, 396 (Bankr. D. Col. 2005) (internal citations omitted).

29. A debtor's failure to make post-petition payments to a secured creditor for the use of the creditor's collateral is grounds to grant the creditor relief from the automatic stay. *See, e.g., In re Everton Aloysius Sterling*, 543 B.R. at 392 ("The Movant argues that it lacks adequate protection due to the failure of [the debtor] to make post-petition payments. The failure to make

mortgage payments constitutes 'cause' for relief from the automatic stay and is one of the best examples of a 'lack of adequate protection' under Section 362(d)(1) of the Bankruptcy Code.") (quotations and citations omitted); *In re Uyvaydov*, 354 B.R. 620, 623 (Bankr. E.D.N.Y. 2006) ("While the term 'cause' is not defined in the Bankruptcy Code and the legislative history sheds little light on its meaning, it is well established under decisional law that a debtor's failure to make post-petition mortgage payments in bankruptcy rehabilitation proceedings can constitute cause for relief under § 362(d)(1)."). Here, the Debtors have made no post-petition payments to Grand Pacific; nor have they provided any other form of adequate protection, which constitutes sufficient grounds for relief from the automatic stay.

30. The Supreme Court has stated that an "interest is not adequately protected if the security is depreciating during the term of the stay." *United Sav. Ass'n v. Timbers of Inwood Forest Assocs. Ltd.*, 484 U.S. 365, 370 (1988). In this case, the Properties remain vacant, generate no cash flow, and Grand Pacific's interest in the Properties continues to diminish because the Debtors have made no payments of the real estate taxes on the Properties. Indeed, since the Petition Date, Grand Pacific has paid $63,863.61 in real estate taxes properly payable by the Debtors; every time that Grand Pacific pays the real estate taxes on the Properties, the value of its collateral is diminished.[5]

31. Courts regularly grant relief from the automatic stay where the movant has demonstrated a post-petition diminution in the value of the collateral. *See, e.g., LNC Invs., Inc. v. First Fidelity Bank*, 1995 WL 231322 at * 4 (S.D.N.Y. Apr. 19, 1995) (noting that methods of determining lack of adequate protection under section 362(d)(1) "emphasize actual or likely

---

[5] Prior to the Petition Date, Grand Pacific paid $158,000 in property taxes on the Properties to protect its collateral; thus, Grand Pacific's total real estate tax payments exceed $220,000.

diminution in the value of the collateral in the period between the petition and the plan"); *In re 160 Bleecker St. Assocs.*, 156 B.R. 405, 413 (S.D.N.Y. 1993) (reversing ruling of bankruptcy court and vacating stay because value of collateral had declined by $600,000 (from an appraised value of $1.6 million) over course of one and a half years); *In re Domestic Fuel Corp.*, 70 B.R. 455, 463 (Bankr. S.D.N.Y. 1987) (granting relief from the automatic stay under section 362(d)(1) where movant demonstrated decline in value of stock pledged by debtor and debtor failed to establish movant was adequately protected); *In re Armenakis*, 406 B.R. 589, 620-21 (Bankr. S.D.N.Y. 2009) (granting creditor's motion for relief from stay upon the finding that secured creditor had proven decline or threat of decline in value of collateral and debtor had not offered any proof that creditor was adequately protected); *In re Grant Assocs.*, 1991 WL 21228 at *7 (S.D.N.Y. Feb. 5, 1991) (affirming bankruptcy court order terminating stay under section 362(d)(1) on the grounds that building securing creditor's claim was declining in value and debtor was unable to provide adequate protection).

32.   "Once the movant satisfies this initial burden, the burden shifts to the debtor to go forward with evidence, and ultimately, to prove that the collateral is not declining in value, or that the secured party is adequately protected through periodic payments, an equity cushion, additional or replacement liens or good prospects for a successful reorganization." *Elmira Litho*, 174 B.R. at 902 (citations omitted).

33.   The Debtors cannot satisfy their burden of showing that Grand Pacific's interest in the Properties is adequately protected. Grand Pacific's interest in its collateral is diminished by the Debtors' continuing failure to pay real estate taxes. Accordingly, Grand Pacific should be granted relief from the automatic stay under section 362(d)(1) of the Bankruptcy Code for cause.

B. **Relief From The Automatic Stay is Appropriate Under 11 U.S.C. § 362(d)(2) Because There is No Equity In the Properties and the Properties Are Not Necessary for an Effective Reorganization**

34. Grand Pacific is also entitled to relief from the automatic stay pursuant to section 362(d)(2) of the Bankruptcy Code because there is no equity in the Properties and the Properties are not necessary for an effective reorganization. The Debtors have admitted there is no equity in the Properties, regardless of whether the Debtor's valuation or Grand Pacific's Appraisal is used. As noted above, the Debtors valued the Properties at an aggregate of $10 million. Grand Pacific valued the Properties at $7 million in its Appraisal. The Debtors' admitted indebtedness to Grand Pacific is more than $16.6 million, an amount that understates the Debtors' aggregate indebtedness to Grand Pacific by at least $7 million. Accordingly, by either valuation, no equity exists in the Properties.

35. Lack of equity is not fatal under section 362(d)(2) if a debtor can prove that the property is necessary to an effective reorganization. *In re Steffens*, 275 B.R. 570, 578 (Bankr. D. Colo. 2002). But to succeed in that regard, a debtor must show that there is a reasonable prospect of a successful organization within a reasonable period of time. *United Sav. Ass'n v. Timbers of Inwood Forest Assocs. Ltd.*, 484 U.S. 365, 375-76 (1988). If the debtor is unable to make such a showing, the court must grant relief from the stay. *See* 11 U.S.C. § 362(d).

36. Here, it is clear that the Debtors are unable to establish that the Properties are necessary for an effective reorganization because they cannot propose a confirmable plan of reorganization. Indeed, the Debtors have now had 21 months to reorganize these single-asset real estate cases and the sole steps they have taken, filing a placeholder Plan and Disclosure Statement, are nugatory acts because that Plan cannot be confirmed.

37. Although the Debtors stated that they intended to build high-rise residential buildings on the Properties, the zoning for that use lapsed years ago as a result of the Debtors' failure to proceed with development. Despite that claim, the Debtors have not even applied to rezone the Properties, a process that by itself would take 9-15 months, and the success of which cannot be assured. Disclosure Statement at 15-16. Thus, any development of the Properties is still further years away.

38. Based upon the Appraisal and the Debtor's admissions with respect to the Sterling Loan, Grand Pacific is undersecured by more than $9 million.[6] With a $9 million deficiency claim, Grand Pacific is by far the largest general unsecured creditor, with substantially all of the unsecured creditor pool. Therefore, the deficiency portion of Grand Pacific's claim is far beyond the two-thirds amount necessary to control the general unsecured class in the Debtors' Chapter 11 Cases. Accordingly, the Debtors will not be able to obtain the consent of a non-insider class of impaired claims, as required by section 1129(a)(10) of the Bankruptcy Code and, therefore, cannot confirm a plan of reorganization.

## CONCLUSION

For all the reasons set forth herein, Grand Pacific respectfully requests that the Court enter an order modifying the automatic stay to enable Grand Pacific to proceed with the foreclosure judgment obtained in the Westchester Action, and that it grant Grand Pacific such other and further relief as may be just and proper.

---

[6] Even using the Debtors' $10 million valuation, and the admitted debt to Grand Pacific, Grand Pacific is undersecured by $6.6 million. In reality, the aggregate debt owed to Grand Pacific exceeds $25 million. In other words, there is no possibility of equity in the Properties under any circumstances.

14

Dated: New York, New York  
December 8, 2016

                          HERRICK, FEINSTEIN LLP  
                          *Attorneys for Grand Pacific Finance Corp.*

                        By:    /s/ Stephen B. Selbst  
                             Stephen B. Selbst  
                             Hanh V. Huynh  
                        Two Park Avenue  
                        New York, NY  10016  
                        (212) 592-1400  
                        (212) 592-1500  
                        sselbst@herrick.com  
                        hhuynh@herrick.com